Per Curiam.

The single question raised by petitioner relates to the sufficiency of his indictments.
Each count relating to malicious entry was identical except as to time and place. Therefore, we will quote only one:
“ * * * on or about the twenty-first day of April in the year nineteen hundred and sixty-one at the county of Hamilton and state of Ohio, aforesaid, did in the daytime of said day, enter a certain financial institution, to wit: Union Savings & Loan Association of Cincinnati, Ohio, and did commit a felony while armed with a pistol, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio * *
Section 2907.14, Eevised Code, defining the crime of mali *524 cions entry of a financial institution, as in effect at the time of the indictments, read in part as follows:
“No person shall, by day or night, maliciously enter a bank or other financial institution which receives upon deposit or otherwise for safekeeping the moneys or public funds of individuals or corporations, and attempt to commit or commit a felony with firearms or other deadly weapons.”
It is petitioner’s contention that “malicious entry” is an essential element of this crime, and that the omission thereof from the indictments rendered them invalid.
It is unnecessary to examine the validity of petitioner’s contention. He has chosen the wrong remedy.
In the opinion in State v. Wosniah, 172 Ohio St., 517, 522, it is stated:
“However, after a judgment of conviction for the crime sought to be charged in such indictment, such a collateral attack would no longer be effective because the judgment of conviction necessarily binds a defendant, where the court rendering it had jurisdiction of the person of the defendant and also jurisdiction of the subject matter, i. e., jurisdiction to try the defendant for the crime for which he was convicted. Such a judgment of conviction is necessarily binding as between the state and the defendant and can only be set aside by a direct and not a collateral attack. Cf. Mantho v. Board of Liquor Control (1954), 162 Ohio St., 37,120 N. E. (2d), 730.”
Thus, petitioner’s remedy, if any, is by appeal, not by habeas corpus. See Bolin v. Maxwell, Warden, 173 Ohio St., 517.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.